UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE DOW CHEMICAL CORPORATION,    :
        Plaintiff    :
                                                     :      COMPLAINT

vs.    :

PLASTICWARE, LLC,    :      Case No.
        Defendant    :
-----------------------------------------------------------x

08 CIV. 2531

JUDGE KARAS

Plaintiff The Dow Chemical Company, by and through its attorneys, Chipman, Mazzucco, Land & Pennarola, LLC, as and for its Complaint against Defendant Plasticware, LLC, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, The Dow Chemical Company (hereinafter "Dow Chemical"), is a corporation incorporated in the State of Delaware with its principal place of business at 2030 Dow Center, Midland, Michigan 48674. Dow Chemical is in the business of, inter alia, selling polyethylene resin.

2.    Defendant, Plasticware, LLC (hereinafter "Plasticware"), was at all relevant times an unincorporated entity with a principal place of business at 614 Corporate Way, Suite 1N, Valley Cottage, New York 10989. Upon information and belief, Plasticware is in the business of manufacturing, selling, and distributing plastic deli containers.

3.    Plasticware is owned by three members, all of whom are citizens of the State of New York.

4.     Joseph Neumann is a member of Plasticware who resides at 3 Holly Circle, Monsey, New York 10952 (Rockland County).

5.     Murray Neustein is a member of Plasticware who resides at 630 Bedford Avenue, Brooklyn, New York 11211 (Kings County).

6.     Sanford S. Meth is a member of Plasticware who resides at 86 Park Lane, Monsey, New York 10952 (Rockland County).

7.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plasticware may be found in this District and a substantial part of the events or omissions giving rise to the claims that are the subject of this action occurred in this District.

## FACTS

9.     On or about July 7, 2007, Plasticware submitted a Credit Application to Dow Chemical.

10.    Pursuant to the terms of the Credit Application, Plasticware agreed to pay "all amounts due by the date stated on the invoice," ... the maximum interest allowed by law on all overdue amounts, and, in the event of default or litigation,"all costs of collection incurred by Dow including, without limitation, reasonable attorney's fees."

11. On or about July 26, 2007, Dow Chemical approved Plasticware's Credit Application for a credit line of $250,000, with full payment due by the thirtieth day after the invoice date and a 1% discount if payment was received by the twentieth day after the invoice date.

12. During 2007, Dow Chemical shipped Plasticware several orders of polyethylene resin at Plasticware's request, which Plasticware accepted. Plasticware paid the amounts invoiced by Dow Chemical. Polyethylene resin is a raw material used in the production of Plasticware's plastic deli containers.

13. At Plasticware's request, Dow Chemical shipped 196,255.272 pounds of Dow DNDA-1081 NT7 linear low density polyethylene resin to the Defendant's Mount Vernon, Kentucky facility on or about October 8, 2007.

14. Plasticware received and accepted the shipment.

15. Dow Chemical issued invoice on or about October 11, 2007 for $151,116.56.

16. Plasticware received invoice number 27088493.

17. Payment in full on invoice number 27088493 was due on or before November 10, 2007.

18. Plasticware did not make any payments on invoice number 27088493 on or before November 10, 2007.

19. Plasticware made a partial payment of $10,000 on or about January 22, 2008, leaving an outstanding balance of $141,116.56 on invoice number 27088493.

20.    Plasticware has not made any further payments on the outstanding balance of $141,116.56, which remains due and owing to Dow Chemical.

## COUNT ONE
### (Breach of Contract)

21.    The Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

22.    In consideration of the shipments of polyethylene resin made by Dow Chemical, Plasticware agreed in its Credit Application that it would pay Dow Chemical "all amounts due by the date stated on the invoice."

23.    Plasticware has failed to pay Dow Chemical the amount of $151,116.56 on invoice number 27088493, with the exception of one partial payment. The amount remaining due and owing Dow Chemical is $141,116.56.

24.    Plasticware's failure to pay the balance of the money it owes to Dow Chemical constitutes breach of contract.

25.    Dow Chemical has sustained damages as a result of Plasticware's breach of contract in an amount to be established at trial but in no event less than $141,116.56.

## COUNT TWO
### (Unjust Enrichment)

26.     Dow Chemical repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

27.     Dow Chemical conferred a substantial benefit upon Plasticware by shipping it 196,255.272 pounds of polyethylene resin, which Plasticware received and for which it agreed to pay.

28.     Despite Dow Chemical's demands for payment, Plasticware has failed to compensate the amount owed to Dow Chemical pursuant to invoice number 27088493.

29.     As a result of its wrongful refusal to pay the amount invoiced, Plasticware has been unjustly enriched at Dow Chemical's expense in the sum of at least $141,116.56.

30.     It would be unjust for Plasticware to be enriched at Dow Chemical's expense by its receipt of 196,255.272 pounds of polyethylene resin without payment in full.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff demands judgment against the defendant on counts one and two of the complaint and the following relief:

1. Monetary damages.

2. Interest.

2. The cost of this litigation, including attorney's fees.

3. Such other and further relief as this Court may deem appropriate.


Dated: March 11, 2008
Danbury, Connecticut

                                  CHIPMAN, MAZZUCCO, LAND & PENNAROLA, LLC


                                  BY: _____
                                      Ward J. Mazzucco, Esq.
                                      S.D.N.Y. Federal Bar #WM4251
                                      Attorney for Plaintiff The Dow Chemical Company
                                      30 Main Street, Suite 204
                                      Danbury, Connecticut 06810
                                      (203) 744-1929
                                      wjm@danburylaw.com