Karas, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THE DOW CHEMICAL CORPORATION,
    Plaintiff

vs.

PLASTICWARE, LLC,
    Defendant

------------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Case No. 7:08cv02531-KMK
ECF case

### ORDER ON STIPULATION & JUDGMENT

The Court having reviewed and accepted this Stipulation as a proper disposition of this matter.

IT IS ORDERED that the Clerk of this Court enter Judgment in this matter, in favor of plaintiff The Dow Chemical Company, having an office at 2030 Dow Center, Midland, Michigan against defendant Plasticware, LLC, having an office at 614 Corporate Way, Suite 1N, Valley Cottage, NY 10989 in the amount of $151,116.56 pursuant to the Credit Agreement and Invoice number 27088493 referenced in the Complaint, plus interest at the rate of 5% per year from November 11, 2007 to November 17, 2008 in the amount of $5,930.00, plus attorney's fees in the amount of $3,500.00, plus costs of suit in the amount of $710.00 (to which plaintiff is entitled pursuant to the terms of the Credit Agreement), less partial payments received from defendant of $35,000.00, for a total judgment amount of $126,256.56.

LET JUDGMENT BE ENTERED ACCORDINGLY:

Dated: White Plains, New York
    ✓ June 16, 2008

So ORDERED,

Hon. Kenneth M. Karas
United States District Judge

The Clerk of Court is respectfully directed to close this case.

*Karas, J*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE DOW CHEMICAL CORPORATION,
    Plaintiff

vs.

PLASTICWARE, LLC,
    Defendant
------------------------------------------------------X

STIPULATION FOR JUDGMENT

Case No. 7:08cv02531-KMK
ECF case

IT IS HEREBY STIPULATED AND AGREED by and between counsel for plaintiff and defendant as follows:

## RECITALS

Both undersigned signatories to Stipulation for Judgment have the requisite authority to bind the party whom he represents to the terms of this Stipulation for Judgment and the Judgment resulting from it. Both parties have read this Stipulation for Judgment, have consulted with counsel as to its terms, and agree to be bound by these terms.

2. Plaintiff has filed this action asserting claims against defendant. The parties concede that this Court has subject matter jurisdiction over this action and personal jurisdiction over its person, and that venue is proper in the Southern District of New York, White Plains courthouse. Defendant agrees that it has no defenses to the underlying cause of this action.

3. The parties agree that the terms of this proposed Judgment, as set out below, constitute a full and final settlement of all claims raised and that could be raised in this matter and should be entered as the Judgment in this action by the Court.

4. The parties agree that defendant is now in default of the terms of the Credit Application entered into between the parties, as more fully set forth in the allegations of the complaint on file in this action. Plaintiff is entitled to recover from defendant the sum of $151,176.56 on Invoice number 27-88495, together with interest at 5% per year from November 11, 2007 to the date of full payment, plus costs and expenses, including attorney's

fees incurred in collecting any amounts due, less payments received from defendant (the "Unpaid Balance").

5. The parties have agreed on a payment schedule, as set forth in Paragraph 7 below, that contemplates full payment of the Unpaid Balance on or before November 17, 2008. The parties agree that interest through November 17, 2008 totals $5,930.00.

6. Based on the foregoing paragraphs and the allegations of the Complaint on file in this action, plaintiff is now entitled to recover from defendant the following Unpaid Balance:

| | |
|---|---|
| Invoice number 27088493 | $151,116.56 |
| Interest at 5% per year from November 11, 2007 to November 17, 2008 | $5,930.00 |
| Clerk's fee | $350.00 |
| Fees for service | $360.00 |
| Attorney's fees | $3,500.00 |
| Less partial payments received: | ($35,000.00) |
| **Total Unpaid Balance through November 17, 2008:** | $126,256.56 |

7. The parties intend that plaintiff's delayed-enforcement commitment, hereinafter stated, shall survive the entry of Judgment but will not be incorporated into that Judgment.

## TERMS OF PROPOSED JUDGMENT

1.  Judgment shall enter in favor of plaintiff against defendant in the sum of $126,256.56 on the claims raised in the Complaint on file in this action.

2.  In consideration of defendant's execution of this Stipulation for Judgment permitting plaintiff to avoid the expense of a trial or hearing on damages, plaintiff agrees not to take any steps to enforce the money judgment against defendant entered in this action, including the filing of Judgment with County Clerks in New York State, if defendant makes the following payments:

    (A)  $10,000, on or before June 15, 2008;
    (B)  $10,000, on or before July 15, 2008;
    (C)  $10,000, on or before August 15, 2008;
    (D)  $10,000, on or before September 15, 2008;
    (E)  $10,000, on or before October 15, 2008; and
    (F)  A final payment of $76,256.56 on or before November 17, 2008.

3.  Defendant shall make each payment by wire transfer, bank check, or certified check. If made by wire transfer, the funds shall be wired to The Dow Chemical Company, in accordance with wiring instructions separately provided to defendant. If made by bank check or certified check, payment shall be made to the order of The Dow Chemical Company, 2030 Dow Center, Midland, MI 48674. Time is of the essence with respect to the dates on which payment of each installment shall be due.

4.  In the event of defendant's default in making any of the payments as specified in this Stipulation for Judgment, defendant shall be given written notice by plaintiff or plaintiff's attorneys and five (5) business days from receipt of such notice to cure such default, after which time the plaintiff may then enforce the Judgment. Upon a default, interest will continue to

accrue at 5% a year until the Unpaid Balance is fully paid and defendant will become responsible for additional reasonable attorney's fees actually incurred.

5.  If the Unpaid Balance is not paid in full on or before November 17, 2008, interest will continue to accrue at 5% a year until the Unpaid Balance is fully paid.

6.  When defendant pays the Unpaid Balance in full, plaintiff or its counsel shall file a satisfaction of Judgment pursuant to Local Rule 54.3.

7.  This Stipulation for Judgment was executed on June __, 2008 at Danbury, Connecticut and New York, New York.

CHIPMAN, MAZZUCCO,                              TRATNER, MOLLOY AND
LAND & PENNAROLA, LLC                           GOODSTEIN, LLP


BY: _____                      BY: _____
    Ward J. Mazzucco, Esq.                          Louis Tratner, Esq.
    S.D.N.Y. Federal Bar #WM-25                     S.D.N.Y. Federal Bar #
    Attorney for Plaintiff,                         Attorney for Defendant,
       The Dow Chemical Company                     Plasticware, LLC
    30 Main Street, Suite 204                       551 Fifth Avenue
    Danbury, Connecticut 06810                      New York, NY 10176
    (203) 743-1929                                  (212) 867-1100
    wjm@danburylaw.com